

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

JOHN ANTHONY PEREZ, §
Petitioner - Appellant, §

VS. § Case No. 13-40459

WILLIAM STEPHENS, Director §
Respondent - Appellee

## APPELLANT'S ORIGINAL BRIEF

John Anthony Perez
Pro Se.

TDCJ# 1492757
3060 FM 3514, Stiles
Beaumont, TX. 77705-7635

# TABLE OF CONTENTS

Table of Contents ____ I
INDEX OF AUTHORITIES ____ II
ISSUES PRESENTED ____

1. Whether Appellant's indictment is unconstitutionally vague in that it fails to give adequate notice of the charge for which appellant was convicted.
2. Whether the Jury was rationally justified in finding guilt beyond a reasonable doubt, as required by the due process clause.
3. Whether the sufficiency of the evidence is supported by the standard of beyond a reasonable doubt.
4. Whether appellant's trial attorney rendered reasonable effective assistance of counsel; under the Sixth amend.

STATEMENT OF FACT ____ 1.
FIRST ISSUE PRESENTED ____ 2.
SECOND ISSUE PRESENTED ____ 5.
THIRD ISSUE PRESENTED ____ 9.
FORTH ISSUE PRESENTED ____ 12.
PRAYER ____ 15.

# INDEX OF AUTHORITIES

Supreme Court Cases:

Adams v. United States, 317 U.S. 269 (1942) ______ 14.
Almendarez-Torres, v. United States, 523 U.S. 224 1998 ______ 4.
Bell v. Wolfish, 441 U.S. 520 (1979) ______ 11.
Cole v. Arkansas, 333 U.S. 196 (1948) ______ 3.
Estelle v. Williams, 425 U.S. 501 (1976) ______ 15.
Gilbert v. California, 388 U.S. 263 (1967) ______ 12.
Haines v. Kerner, 404 U.S. 519 (1971) ______ 15.
Hamilton v. Alabama, 368 U.S. 52 (1961) ______ 12.
Hamling v. United States, 418 U.S. 87 (1974) ______ 2-13.
Holloway v. Arkansas, 435 U.S. 475 (1978) ______ 12.
In re Winship, 397 U.S. 358 (1970) ______ 11.
Jackson v. Virginia, 443 U.S. 307 (1979) ______ 10.
Patterson v. New york, 432 U.S. 197 (1977) ______ 9.
Powell v. Alabama, 287 U.S. 45 (1932) ______ 14.
Strauder v. West Virginia, 100 U.S. 303 (1880) ______ 11.
Strickland v. Washington, 466 U.S. 685 (1984) ______ 12.
United States v. Carll, 105 U.S. 611 (1882) ______ 3-13.
United States v. Cronic, 466 U.S. 648 (1984) ______ 12.
United States v. Hess, 124 U.S. 483 (1888) ______ 13.
United States v. Wade, 388 U.S. 218 (1967) ______ 12.

Federal Cases:

Ferguson v. Estelle, 718 F.2d 730 (5th cir. 1983) ........ 3.
United States v. Cabrera-Teran, 168 F.3d 141 (5th cir. 1999) ........ 3.
United States v. Cartwright, 6 F.3d 294 (5th cir. 1993) ........ 3.
United States v. Dentler, 192 F.3d 306 (5th cir. 2007) ........ 3.
United States v. Gaytan, 74 F.3d 545 (5th cir. 1996) ........ 3.
United States v. Moreno, 185 F.3d 465 (5th cir. 1999) ........ 5.
United States v. Ramirez, 233 F.3d 318 (5th cir. 2000) ........ 3.
United States v. Soto-Silva, 129 F.3d 340 (5th cir. 1997) ........ 5.
United States v. White, 258 F.3d 374 (5th cir. 2001) ........ 3.

State Cases:

Adams v. State, 222 S.W.3d 37 (Tex. App. Austin 2005) ........ 6.
Clendon v. State, 583 S.W.2d 777 (Tex. Crim. App. 1979) ........ 10.
Curry v. State, 30 S.W.3d 394 (Tex. Crim. App. 2000) ........ 10.
Garza v State, 653 S.W.2d 850 (Tex. Crim. App. 1982) ........ 6.
Jackson v. State, 576 S.W.2d 88 (Tex. Crim. App. 1979) ........ 5.
Johnson v. State, 673 S.W.2d 190 (Tex. Crim. App. 1984) ........ 9.
Lackey v. State, 819 S.W.2d 111 (Tex. Crim App. 1989) ........ 14.
Olurebi v. State, 870 S.W.2d 58 (Tex. Crim. App. 1994) ........ 7.

STATE CASES:

Riney V. STATE. 28 SW3d 561 (Tex Crim. APP. 2000) ________ 3.
Rocha V. STATE. 16 SW.3d 1 (Tex. Crim. APP. 2000) ________ 8.
STATE V. MAYS, 967 S.W.2d 404 (Tex. Crim. APP. 1998) ________ 3.
Wray V. STATE. 711 S.W.2d 631 (Tex Crim APP. 1986) ________ 10.

TEXAS STATUTE:

3.01. Article, Tex. Code of Criminal procedure ________ 7-14.
3.02 Article, Tex. Code of Criminal procedure ________ 6.
36.14 Article, Tex. Code of Criminal procedure ________ 7-8.

# STATEMENT OF FACTS

APPELLANT, John Anthony Perez, A STATE inmate WAS Convicted in A Two Count indictment with The Alleged offense of Aggravated Sexual Assault on February 28, 2008. Appellant was sentenced To 99 years of imprisonment in The Texas Department of Criminal Justice. Appellant appealed The aboved Judgment To The Fourth Court of Appeals, This Court Affirmed The Judgment of The Trial Court, in Perez v. State, No. 04-08-00227-CR July 28, 2010. Appellant Then Filed For discretionary review with The Texas Court of Criminal Appeals, which was refused. Appellant Filed An Application For A writ of habeas Corpus in The Convicting Court, The Convicting Court refused To Comply with The procedures of Article 11.07(b)(c) Texas Code of Criminal procedure. The Convicting Court Forwarded The Application To The Texas Court of Criminal Appeals without A Finding of Facts or An Conclusion of law, The Texas Court of Criminal Appeals denied without written order.

Appellant, proceeding pro se Filed A petition For writ of habeas Corpus under 28 U.S.C. § 2254, Challenging his State Conviction in Federal Court, which was dismissed with prejudice. To That dismissal, Appellant Filed notice of Appeals.

## FIRST ISSUE PRESENTED

Whether appellant's indictment is unconstitutionally vague in that it fails to give adequate notice of the charge for which appellant was convicted.

## ARGUMENT

Appellant asserts, both the Sixth and Fourteenth Amendments of the United States Constitution, and the Texas Constitution requires the States to give a defendant notice before trial of the nature and cause of the accusation against him, and they further require that notice be given with sufficient clarity and details to enable the defendant to anticipate the State's evidence and prepare a proper defense to the indictment. U.S.C.A. Const. 6 and 14 Amendments; Article 1. Sec. 10 Tex. Const. Vernon's Ann. 2005. The indictment in appellant's case does not give notice required by the Constitution.

See Supreme Court precedent Hamling v. United States, 418 U.S. 87, 117 (1974). (holding an indictment set forth the "offense" in the words of the statute itself). Hamling further holds that the indictment fully, directly and expressly without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.

See United States v. Dentler, 192 F.3d 306, 309 (5th cir 2007); United States v. Carll, 105 U.S. 611, 612, 26 L.Ed. 1135 (1882)

The indictment in this case does not give Appellant notice of the offense charged. Texas law clearly holds: "Notice of nature and cause of accusation must come from the face of the indictment. State v. Mays, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998); Art. 1. § 10 Tex. Const. The indictment No. 06-01-00013-CRL does not identify the penal statute for which the state intended to prosecute. The indictment does not alleged the charge is authorized by law (unlawful) it does not involve moral turpitude. Notice must come from the face of the indictment. "The defendant is not required to look elsewhere". Riney v. State, 28 S.W.3d 561 (Tex. Crim. App. 2000).

"To pass constitutional muster, the indictment must allege all elements of offense charged." United States v. Ramirez, 233 F.3d 318 (5th cir. 2000); "An indictment shall be in plain, concise, and definite written statement of the essential facts constituting the offense charged." see Ferguson v. Estelle, 718 F.2d 730 (5th cir. 1983); United States v. White, 258 F.3d 374, 382 (5th cir 2001); United States v. Cabrera-Teran, 168 F.3d 141, 143 (5th cir. 1999); United States v. Gaytan, 74 F.3d 545, 551 (5th cir 1996).

See also Cole v. Arkansas, 333 U.S. 196, 201 (1948) (holding "No principle of procedural due process is more clearly

established Than That Notice of The specific charge)". . . . Are among The Constitutional rights of every accused in A Criminal proceeding in All Courts, State and Federal.

## Summary

Appellant reiterate, The Texas indictment in This case does not meet Constitutional muster To accord This Appellant notice of The offense charged. The indictment must set Forth each element of The crime That it charges. Almendarez-Torres V. United States, 523 U.S. 224, 228 (1998)

## Second ISSUE Presented

Whether The Jury WAS rationally JustiFied in Finding guilT beyond A reasonable doubts as required by The due process Clause.

## ARGUMENT

IT is well seTTled under Texas and Federal law ThaT A Jury instruction which Authorized A Conviction base on A Theory noT Charged in The indictmenT is Fundamentally error And requires reversal even Though no objection WAS made AT Trial. Jackson V. STaTes, 576 S.W.2d 88 (Tex. Crim. App. 1979) "A Jury Charge musT be both legally AccuraTe And FacTually SupporTable". CiTing United STaTes V. Moreno, 185 F.3d 465 (5th cir. 1999); United STaTes V. SoTo-Silva, 129 F.3d 340 (5th cir. 1997)

The indictmenT in This case Charged The AppellanT in The Two CounT indictmenT with:

Count I - InTenTionally And Knowingly cause The penetration oF The Female Sexual organ oF Veronica Marz, A Child who was Then And There younger Than 14 years of Age And noT The Spouse oF The

defendant. by The defendant's sexual organ.

Count Two: Intentionally and knowingly cause the penetration of The anus of Veronica Marz, A Child who was Then and There younger Than 14 years of Age and not The spouse of The defendant, by The defendant's sexual organ.

In The instant Case The Jury Charge Fail To Conform To The charge Contained in The indictment. The Jury charge Stated! Members of The Jury: "The defendant John Anthony Perez, Stands Charge in The indictment with The offense of Aggravated Sexual assault of A child" At That point The Trial Court Charged on A Theory not Charged in The indictment. No where in The indictment does it charge Appellant of Aggravated Sexual Assault of A child. Under Texas law The indictment is Authorized: "In The Name and by The Authority of The State of Texas." see Art. 3.02 Tex. Code of Crim. proc. Vernon's Ann. 2005.

Note! The Caption is not part of The indictment under Texas law. See Adams V. State, 222 S.W.3d 37 (Tex. App. Austin 2005); Garza V. State, 653 S.W.2d 850 (Tex. Crim. App. 1982)

The Trial Court Charged The Jury on A different Theory. Texas law holds: That The Jury Charge of The Court "Shall distinctly set Forth The law Applicable To The Case." see Art. 36.14 Tex. Code of Crim. proc. Vernon's Ann. 2005; Olurebi V. State, 870 S.W.2d 58, 59 (Tex. Crim. App. 1994) (holding, The goal of The Jury Charge is To Submit To The Jury The issues For decision logically, Simply, Clearly, Fairly, Correctly And Completely To Accord A person due process.)

Further, The Trial Court Failed in its duty To Apply The law To The Facts when it instructed The Jury on An undefined element of The Alleged offense, in violated of Art. 3.01 Tex. Code of Crim. Proc.; Lackey V. State, 819 S.W.2d 111, 118 (Tex. Crim. App. 1989)("holding if The Term has not been defined by Statute, The Term is To be understood in its usual Acceptance in Common language And need not be defined in The Charge To The Jury)."

In Appellant's Charge, The Trial Court instructed That "penetration" is complete however slight.

IT Appears To This appellant The Trial Judge directed The Verdict For The State, Under Texas law, Art. 36.14 Tex. Code of Crim. proc. The Statute States in relevant parts: "A proper Jury Charge is one not expressing an opinion As To The weight of The evidence." Further An instruction About A particular Type of evidence Constitutes an impermissible

Comment on The weight of The evidence because such an instruct singles out a particular piece of evidence for special attention. Art. 36.14 C.C.P. Vernon's Ann. 2005; Rocha v. State, 16 S.W.3d 1, 20 (Tex. Crim. App. 2000). Appellant asserts, The Jury may have construed The instruction on "penetration" as a Judicial endorsement or imprimatur, Thus violating appellant's right To a Fair Trial, and violating his 5Th, 6Th and 14Th Amendments.

## Summary

Appellant reiterates, The Jury Charge must be both legally accurate and factually supportable. United States v. Cartwright, 6 F.3d 294, 300 (5Th Cir. 1993). The 81Th Court's Charge as a whole is not a correct statement of The law, and is intended To mislead The Jury.

The Trial Court intentionally and knowingly defined "penetration" which is not, statutorily defined under Texas law, which may have given The Jury The impression That The instruction on penetration was an Judicial endorsement or imprimatur, violating appellant's rights To a Fair Trial.

## THIRD ISSUE Presented

Whether The Sufficiency of The evidence is Supported by The Standard of beyond A reasonable doubt.

## ARGUMENT

Appellant was charged in a Two Count indictment with an Alleged offense of Aggravated Sexual Assault, To That offense appellant plead not guilty.

Appellant Contends, The evidence in This case is legally insufficient To establish guilt beyond a reasonable doubt on Counts I and II of The State's indictment. The State in its prosecution Failed To meet its burden of proof beyond a reasonable doubt as directed by The due process Clause of The Sixth and Fourteenth Amendments. Citing, Johnson v. State, 673 S.W.2d 190, 194 (Tex. Crim. App. 1984); (holding IT is incumbent on The State To prove every element of The offense beyond a reasonable doubt); Patterson v. New York, 432 U.S. 197, 215 (1977) (holding That The State must prove every ingredient of an offense beyond a reasonable doubt).

Appellant Contends, it was The State's duty To prove

The allegations in the indictment. The State was required to prove: (1) intentionally and knowingly; (2) cause penetration; (3) defendant's sexual organ. The State trial records is devoid of any evidence of sexual organ as stated in the indictment. The State did not identify appellant's sexual organ as evidence, as to the length, size, hardness or whether the applicant was capable of an erection.

Under Texas law, it was incumbent upon the State to introduce evidence into the record showing the guilt of the defendant. see Clendon v. State, 583 S.W.2d 777 (Tex. Crim. App. 1979) (holding when the State fails to discharge its burden to prove allegations in the indictment. The trial Court's duty was to acquit. At 778, 779).

It would appear the jury fail to discharge its duty as instructed as well.

Appellant directs the Court to Curry v. State, 30 S.W.3d 394, 405 (Tex. Crim. App. 2000) (holding State is required to prove what it allege in the indictment); Wray v. State, 711 S.W.2d 631, 637 (Tex. Crim. App. 1986) (holding once alleged in indictment, has to be proved).

Appellant contends, in evaluating the legal sufficiency of the evidence of guilt, the Court must consider all of the evidence, citing Jackson v. Virginia 443 U.S. 307, 319 (1979).

The Supreme Court held. Every person has a fundamental

right To liberty in The Sense That The government may not punish a person unless and until it prove The person guilty beyond a reasonable doubt at a Criminal Trial, Conducted in accordance with The relevant Constitutional guarantee." Bell v. Wolfish, 441 U.S. 520, 535, N. 16 (1979); In re Winship, 397 U.S. 358, (1970).

Appellant Contends, The evidence in his STATE Conviction cannot be deemed sufficient To have established guilt beyond a reasonable doubt. Jackson, 443 U.S., at 324.

## Summary

Appellant asserts, The STATE has not met its burden of proving, appellant's guilt on Count I and II of The indictment, No rational Trier of Fact Could have found The essential elements of The alleged Crime beyond a reasonable doubt.

Appellant Contends, when a allegation of Sexual Assault arrives against a child. They are so infected with "politics and Tinged with hysteria," a person can never get a Fair Trial. See STrauder v. West Virginia, 100 U.S. 303, 309 (1880).

## FOURTH ISSUE PRESENTED

Whether Appellant's Trial Attorney Rendered Reasonable Effective assistance of Counsel, under The Sixth Amendment.

## ARGUMENT

The sixth Amendment guarantees That "In all Criminal prosecutions," The accused shall enjoy The right. . . To have The assistance of Counsel For his defense.

IT is well established That The accused is entitled To The assistance of Counsel not only at Trial itself, but at "All Critical Stages" of his prosecution. see United States V. Wade, 388 U.S. 218 (1967); Gilbert V. California 388 U.S. 263 (1967); Hamilton V. Alabama, 368 U.S. 52 (1961). IF Counsel For The accused is Totally absent during a critical stage, Then There is a presumption of prejudice under Cronic and Strickland. United States V. Cronic, 466 U.S. 648, 654 (1984); Strickland V. Washington, 466 U.S. 685, 687 (1984); Holloway V. Arkansas, 435 U.S. 475 (1978).

Appellant asserts, Trial Counsel Mr. Alfred Padilla Failed in his representation of This appellant To advocate his Cause as defined by The Counsel Clause of The Sixth Amendment.

(1) Counsel Failed in his representation To File motions prior To Trial To dismiss The indictment For Failure To give Adequate notice of The offense Charged. And Failure To inform Appellant That The indictment is not Authorized by law.

Counsel's Failure To object To The indictment, prejudice This Appellant To A Fair Trial, had Counsel objected There is A "reasonable probability" That The result of The Trial would have been different if not For Mr. Padilla's ineffective representation. The indictment #06-01-00013-CRL Fails under The Supreme Courts precedence Hamling v. United States, 418 U.S. 87, 119 (1974); United States v. Hess, 124 U.S. 483, 487 (1888); United States v. Carll, 105 U.S. 611, 612 (1882), (holding IT is generally sufficient That An indictment set Forth The offence in The "words of The Statute" itself, As long As Those words Themselves Fully, directly, And expressly without any uncertainty or Ambiguity, set Forth all The elements necessary To Constitute The offense intended To be punished. Hamling 418 U.S. at 117.

The indictment in This Case does not give notice That The Conduct is Criminal or Tortious, Mr. Padilla's omissions seem To Assist The prosecution. Than The defense.

(2). Counsel Fail To render reasonable effective Assistance of Counsel, by Counsel Allowing Appellant To be Convicted on A Jury Charge which Fail To Conform To The indictment,

Nowhere in appellant's indictment does it state appellant is Charged with the offense of Aggravated Sexual Assault, Count one and Two are devoid of the notice of the Charged offense. A Competent Attorney would have recognized the omission. (3) Counsel Fail To render reasonable effective Assistance, when he Fail To object To the Trial Judge instructing The Jury on "penetration." The law holds, "if The Term has not been defined by Statute, The Term is To be understood in its usual acceptance in Common language and need not be defined in The Jury Charge." Lackey V. State, 819 S.W.2d 111, 118 (Tex. Crim. App. 1989); Art. 3.01 Tex. Code of Criminal procedure.
An effective Attorney is required To Knowledgeable of The laws of his jurisdiction. Counsel's omissions prejudiced Appellant To A Fair Trial, Thus Freeing The prosecution of its burden To prove each and every element beyond A reasonable doubt.

Counsel in This Case Fail To research The law and Facts of This Case. citing Powell V. Alabama, 287 U.S. 45, 69 (1932).

"Access To Counsel's Skill and Knowledge is necessary To Accord defendants The Ample opportunity To meet The Case of The prosecution, To which They are entitled." Strickland, 466 U.S. at 685, 104 S.Ct. 2063. (quoting) Adams V. United States, Ex rel Mc Cann, 317 U.S. 269, 275, 276 (1942).

Mr. Padilla Trial performance was professionally unreasonable and denied This Appellant A Fair Trial.

Appellant Contends, Counsel's Conduct so undermined the proper Functioning of The Adversarial process That The Trial Cannot be relied on as having produced A Just result. see Estelle v. Williams, 425 U.S. 501, 503 (1976) (holding once A defendant has The assistance of Counsel For his defense, the vast array of Trial decisions, Strategic and Tacticals which must be made before and during Trial rest with The Accused and his Attorney). Counsel shut This Appellant out of The Trial process.

PRAYER

The Appellant prays That This Honorable Court will Consider The Foregoing issues presented, reverse The Trial Court's Judgment and order A new Trial or Acquittal As The law and Justice demands.

Appellant, as a layman is aware he did not make his arguments in The manner expected of an experienced Attorney, requests The Court review This brief with The patience and liberality required by law. see Haines v. Kerner, 404 U.S. 519, 520 (1971).

Respectfully Submitted.

John anthony Perez

John Anthony Perez, Pro se
TDCJ# 1492757, Stiles unit
3060 FM 3514
Beaumont, Tx. 77705-7635

Date: August, 16, 2013